UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 05-49** |
| **DAPHNE GILBERT** | **SECTION: "S"** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant's **Motion to Waive Restitution** (Rec. Doc. 575) is **DENIED**;

**IT IS FURTHER ORDERED** that defendant's restitution payment schedule is adjusted to require a payment of $5.00 per month.

### BACKGROUND

On September 14, 2022 the court received a letter from defendant Daphne Gilbert in which she requested a waiver of her restitution obligation. In her letter, Gilbert states that considering her financial condition, i.e., the fact that her income is limited to a $906.00 per month social security disability payment, her current $10.00 monthly payment is unduly burdensome. Accordingly, she requests to have the entire remaining obligation waived.

### DISCUSSION

Under the Mandatory Victims Restitution Act ("MVRA"), courts are required to order restitution to the victims of certain offenses as a component of the sentence imposed for those offenses. 18 U.S.C. § 3663A. Restitution is ordered in the amount of the loss to the victim, and is mandatory. Id.; see also 18 U.S.C. § 3664(f)(1)(A); see also, United States v. Taylor, 582 F.3d

558, 567 (5th Cir. 2009) ("[T]he language of the ... statutes regarding restitution is plain and allows the district court no discretion.") (quoting United States v. Leon-Delfis, 203 F.3d 103, 115 (1st Cir. 2000)). The MVRA explicitly states that the restitution order is made without consideration of the defendant's economic circumstances. 18 U.S.C. § 3664(f)(1)(A).

If a "material change in the defendant's economic circumstances that might affect a defendant's ability to pay restitution" occurs, the defendant is directed to notify the court, which is then authorized to "adjust the payment schedule, or require immediate payment in full, as the interests of justice require." 18 U.S.C. § 3664(k). However, while the court may adjust the payment schedule, the underlying restitution order can only be altered pursuant to section 3664(o). Section 3664(o) states that an order of restitution is final and may only be altered to correct a clerical error, to appeal the sentence as improperly applied, or to alter the restitution payment schedule. 18 U.S.C. § 3664(o)(1).

In this case, none of the bases set forth in section 3664(o) apply, and thus the court does not have the authority to waive Gilbert's restitution. However, because of a material change in her economic circumstances, the court may alter the payment schedule pursuant to section 3664(k). Applying this provision, the court finds that a nominal payment amount of $5.00 per month is appropriate in this case. Accordingly,

**IT IS HEREBY ORDERED** that defendant's **Motion to Waive Restitution** (Rec. Doc. 575) is **DENIED**;

**IT IS FURTHER ORDERED** that defendant's restitution payment schedule is adjusted to require a payment of $5.00 per month.

New Orleans, Louisiana, this   21st   day of September, 2022.

 _____
 **MARY ANN VIAL LEMMON**
 **UNITED STATES DISTRICT JUDGE**